# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Timothy I. MARTIN,
### Seaman (E-3), U.S. Coast Guard

## CGCMG 0212

## Docket No.  1260

## 6 December 2006

General Court-Martial convened by Commander, First Coast Guard District.  Tried at New York, New York, on 28 June 2005.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Christopher F. Coutu, USCG |
| Assistant Trial Counsel: | LT D. Sean Baer, USCGR |
| Defense Counsel: | LT James H. Kirby, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |
| | LCDR Patrick M. Flynn, USCG |

## BEFORE
## PANEL THREE
## BAUM, KANTOR, & MCCLELLAND
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice (UCMJ); and one specification of violating 18 U.S.C. 2252A by knowingly receiving material containing child pornography that had been transported in interstate commerce by computer and one specification of violating 18 U.S.C. 2252A by knowingly possessing sheets of paper containing an image of child pornography, both in violation of Article 134, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for thirty-two months, forfeiture of all pay and allowances, and reduction to E-1.  The Convening

Authority approved the sentence as adjudged except changed the adjudged bad-conduct discharge to twelve months confinement, ostensibly pursuant to the terms of the pretrial agreement.

Before this Court, Appellant assigns the following errors: (1) that the Convening Authority failed to comply with the terms of the pretrial agreement requiring suspension of all confinement in excess of thirty-six months, after changing the punitive discharge to an additional twelve months confinement; and (2) that Appellant was denied effective assistance of counsel when his trial defense counsel failed to inform him of the Government's offer to enter into a post-trial agreement whereby the Convening Authority would suspend the remaining confinement if Appellant agreed to enter sex offender treatment at his own expense, and failed to warn him that if he persisted in his refusal to enter sex offender treatment, the Convening Authority would change the punitive discharge to additional confinement.

Appellant requests that we set aside the Convening Authority's action and return the case to the Convening Authority for a new action. Alternatively, Appellant requests that we affirm a lesser period of confinement. However, Appellant prefers the former remedy, in the hope of reaching a post-trial agreement which would include an early release from confinement. Appellant's recent Motions for Expedited Review assert that such an agreement has been negotiated, execution of which naturally depends on return of jurisdiction to the Convening Authority. Appellant's Motions for Expedited Review are both granted.[1]

The Government does not concede error in the Convening Authority's action, arguing that the pretrial agreement can reasonably be interpreted to allow the bad-conduct discharge to be changed to confinement while not making the resulting total of forty-four months of confinement subject to the suspension provision. However, the Government agrees that the action should be set aside and the case returned to the Convening Authority, acknowledging the Convening Authority's willingness to enter into a post-trial agreement.

---

[1] The Government moved to attach a letter from the Convening Authority to Appellate Defense Counsel, dated 5 July 2006, as part of the Government's Answer and Brief. The Government's motion is granted.

The pretrial agreement contains the following provisions:

> Punitive Discharge: May be approved as adjudged. However, if a punitive discharge and less than thirty-six (36) months of confinement is awarded, than [sic] the Convening Authority may commute the punitive discharge to a period of confinement. …

> Confinement: May be approved as adjudged. However, the execution of all confinement in excess of thirty-six (36) months will be suspended. …

The interaction of these provisions was not discussed at trial despite the fact that the sentence as adjudged made it clear that the instant issue could arise, so we have no amplifying information concerning the parties' understanding of such interaction. In the absence of such information, the argument that the suspension provision does not apply to the total approved confinement is strained at best. We find the Convening Authority's action is flawed in failing to suspend all confinement in excess of thirty-six months. We will set aside the action and return it for correction, as the parties request. In view of this disposition, we do not address the other assignment of error at this time.

## Decision

The Convening Authority's action is set aside. The record is returned to the Judge Advocate General for remand to the Convening Authority for a new action. Thereafter, the record of trial will be returned to this Court for further review under Article 66, UCMJ.



For the Court,


Jane R. Lim
Clerk of the Court